UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:16-CR-78-HAB |
| | ) | |
| JAMAR FREEMAN | ) | |

**OPINION AND ORDER**

On March 27, 2019, Defendant, Jamar Freeman received a 130-month sentence for an attempted armed bank robbery he committed just after his 24th birthday. Hoping to reduce his sentence, he has twice moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), arguing that extraordinary and compelling reasons exist under U.S.S.G. §1B1.13 for a sentence reduction. (ECF Nos. 345, 370). The Court denied both motions (ECF Nos. 351, 386) and Freeman did not appeal either decision. Now, instead, Freeman moves the Court to reconsider its ruling well after the appellate deadline has run. (ECF No. 387). The motion is DENIED.

**DISCUSSION**

**I.   Factual and Procedural Background**

On November 18, 2016, the Defendant was charged in a single count Superseding Indictment for attempted bank robbery by force or violence involving kidnapping during a bank robbery and aiding and abetting in violation of 18 U.S.C. §2113(a), (d) and (e), and 18 U.S.C. §2.

This charge stemmed from events occurring on April 11, 2016, when the Defendant and two co-defendants attempted to rob the First Source Bank.  The details of the robbery attempt are spelled out in the Presentence Investigation Report (ECF No. 278, ¶¶s 9–39). It suffices to say that the robbery attempt was violent; an employee was struck in the face with a semi-automatic weapon, Defendant threatened the First Source Bank employee by asking if he wanted a "bullet in the head"

and if he "wanted to die." Ultimately, the robbery attempt was foiled, and the Defendant arrested. (*Id.*).

After pleading guilty on November 6, 2018, pursuant to written plea agreement with the government, Defendant was sentenced to 130 months of imprisonment and two years of supervised release. (ECF No. 288).

**II.     Analysis**

"[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Federal Rule of Civil Procedure 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Freeman urges the Court to reconsider his request for compassionate release by considering proposed amendments from the Sentencing Commission (the Commission) to §1B1.3 of the USSG.  *See* [Amendments | United States Sentencing Commission (ussc.gov)](https://www.ussc.gov/guidelines/amendments) https://www.ussc.gov/guidelines/amendments.  He believes under these proposed amendments, his circumstances would qualify as "extraordinary and compelling circumstances" warranting a sentence reduction.

Section 603(b) of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion seeking a sentence reduction after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. Section 3582(c)(1)(A) does not define the phrase "extraordinary and compelling reasons." Rather, the Sentencing Reform Act of 1984 directs that "[t]he Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. §994(t).

In its present form, § 1B1.13 applies by its terms to compassionate release motions filed by the BOP, so it is not an "applicable policy statement[ ] issued by the Sentencing Commission" under § 3582(c)(1)(A) and is not binding. *United States v. Gunn*, 980 F.3d 1178, 1179–80 (7th Cir. 2020). Despite its non-binding status, the Seventh Circuit has stated that § 1B1.13 remains "useful to guide district judges' discretion" when analyzing compassionate release motions. *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (citing *Gunn*, 980 F.3d at 1180).

In denying Freeman's compassionate release request, this Court used the current version of §1B1.13 to guide its reasoning as the Seventh Circuit has instructed. Freeman has not asserted that this was a manifest error of law nor has he asserted that this Court inappropriately considered the §1B1.13 guidance. Rather, he asks the Court to change its reasoning based upon proposals from the Commission. Freeman's request jumps the gun. At this point, the proposed amendments Freeman points to have not been finalized or approved by the Commission and are subject to change in light of public comments. At that point, the amendments would become an "applicable

policy statement" binding on the Court. While the Court acknowledges that the Commission is in the process of revising §1B1.3 pursuant to its statutory mandate in §994(t), it is premature for the Court to consider draft amendments. As it stands, Freeman has not set forth anything in his motion for reconsideration showing that the Court made a manifest error of law when it denied his motion for compassionate release. For this reason, his motion for reconsideration is DENIED.

## **CONCLUSION**

Based on the foregoing, the Defendant's Motion (ECF No. 387) is DENIED. So ORDERED on March 14, 2023.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT